EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re<br><br>Héctor L. Ortiz Hernández | 2006 TSPR 99<br><br>168 DPR _____ |

Número del Caso: TS-9128

Fecha: 9 de junio de 2006

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Héctor L. Ortiz Hernández        TS-9128

RESOLUCIÓN

San Juan, Puerto Rico, a 9 de junio de 2006.

La Hon. Sylvette A. Quiñones Mari, Jueza de la Sala Superior de Bayamón del Tribunal de Primera Instancia de Puerto Rico, notificó a este Tribunal una resolución con fecha de 19 de abril de 2006, en la que se expresa sobre la conducta observada por el Lcdo. Héctor L. Ortiz Hernández ante el mencionado Tribunal de Primera Instancia durante la tramitación del caso DAC2003-0462(404).

En específico, la Jueza Quiñones Mari aduce que el licenciado Ortiz Hernández no informó oportunamente la dirección a la que la secretaría del tribunal debía remitirle las notificaciones del referido caso, lo que ha tenido como consecuencia varias demoras injustificadas en la tramitación del referido caso. Al respecto, la Secretaría del Tribunal de Primera Instancia envió, sin éxito, múltiples notificaciones a direcciones postales diferentes. En todas las ocasiones, el servicio postal devolvió las correspondencias a la secretaría remitente. En la última ocasión informada en la resolución, la devolución obedeció a que el licenciado "se mudó y no dejó nueva dirección". En su escrito el Tribunal de Primera Instancia afirma "que el licenciado Ortiz Hernández no ha cumplido con su

deber ético de mantener informado al Tribunal sobre su dirección de oficina".

La acción del licenciado Héctor L. Ortiz Hernández es similar a otras que distintos jueces han referido a este Tribunal. Al considerarlas, hemos reiterado el poder de los jueces del Tribunal de Primera Instancia para mantener y asegurar el orden en los procedimientos ante su consideración sin necesidad de referirnos dichas situaciones. A esos efectos, en E.L.A. v. Asociación de Auditores, 147 D.P.R. 669, 681 (1999), expresamos que:

> La base jurídica para el procedimiento de desacato en Puerto Rico proviene de tres (3) fuentes, según han sido interpretadas por nuestra jurisprudencia, las cuales están fundadas en el poder inherente de los tribunales para hacer cumplir sus órdenes. Los tribunales tendrán poder, entre otros, para mantener y asegurar el orden en su presencia y en los procedimientos ante su consideración, para hacer cumplir sus órdenes, sentencias y providencias, y para realizar u ordenar cualquier acto que resulte necesario a fin de cumplir a cabalidad sus funciones. 4 L.P.R.A. secs. 1a y 362a. Para el ejercicio efectivo de las facultades antes enumeradas la ley les autoriza a castigar por desacato. 4 L.P.R.A. sec. 362b. (Énfasis suplido).

Los jueces de instancia poseen, además, la facultad discrecional de imponer al abogado aquellas sanciones económicas que estimen apropiadas por conducta que afecte adversamente los procesos judiciales.

En vista de lo antes expuesto, devolvemos el asunto a la Sala Superior de Bayamón del Tribunal de Primera Instancia, para la acción correspondiente.

Publíquese.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo